**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 27 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RANDY DALE SMITH,

      Petitioner - Appellant,

v.

T.C. PETERSON, Warden; UNITED
STATES BUREAU OF PRISONS,
Federal Correctional Institution at El
Reno, Oklahoma,

      Respondents - Appellees.

No. 02-6301
(D.C. No. 01-CV-1089-R)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY** and **HARTZ**, Circuit Judges.

Pro se Petitioner Randy Dale Smith is currently incarcerated at the Federal
Correctional Institution in El Reno, Oklahoma. He filed this petition for habeas
corpus pursuant to 28 U.S.C. § 2241, arguing that he has been wrongly denied
credit on the federal sentence he is currently serving.

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

Smith was incarcerated in an Oklahoma prison on state charges in 1996 when he was loaned to federal authorities, pursuant to a writ of habeas corpus ad prosequendum, for prosecution on federal charges. Smith argues first that while on loan for the federal charges (to which he ultimately pled guilty), he should have received credit towards the federal sentence he ultimately received. Second, he argues that because the federal sentence and state sentence arose out of the same transaction, they should have been designated to run concurrently instead of consecutively. Finally, he argues that because his federal sentence was not calculated properly, he has been wrongly forced to serve that sentence on an installment basis.

The district court referred Smith's petition to a magistrate judge, who recommended that the petition be denied. After reviewing the magistrate's report de novo, the district court adopted its recommendations and denied the petition. Our review of the record, the parties' briefs and the magistrate's thorough treatment of Smith's petition leads us to AFFIRM the district court's denial of the petition for habeas corpus for substantially the reasons stated in the magistrate's report.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge